WRIGHT, J.,
delivered the opinion of the Court.
Judgment was rendered, upon motion, against James *486 Lashley, a constable of Payette county, and his sureties in office, for the non-return of an execution placed in his hands. He and his sureties have appealed in error to this Court, and ask for a reversal of the judgment.
The first error assigned is, that the notice does not sufficiently state the grounds of the motion — whether for the non-return of the execution, or for collecting and failing to pay over the money.
We think the notice is, in this respect, sufficient. It describes the note placed in the officer’s hands for collection — the date and amount of the judgment rendered upon it, and the execution issued to him in the case; and then states that the execution had not been returned into the office whence it issued, within thirty days from its issuance, nor the money due thereon paid over as the law directs; and that, 'therefore, judgment was demanded against the officer and his securities for the amount of the judgment of the justice of the peace, with legal interest from the rendition thereof, and twelve and a half per cent, interest on the same from the time" it was demanded, by way of damages.
It is said the motion and judgment for the non-return of the execution, differ from the case where the money has been collected and not paid over; the former being for the amount of the execution, and twelve and a half per cent, damages thereon, and the latter for the amount collected, with twelve and a half per cent, per annum interest, from the time demand is made of the officer. If we were to concede this difference to exist, still, we think, the notice was sufficient upon which *487 to base a judgment for the' non-return of the writ. It distinctly states the fact, that the execution had not been returned, and that, for that reason, a judgment would he demanded. The validity of the notice could not be affected by the fact, that it, also, asked for judgment for the non-payment of the money, nor by the fact, that it demanded, as a legal conclusion, more, or less, by way of interest, or damages, than the plaintiff was entitled to. The law fixed the officer’s liability upon the -ease stated, and it was the duty of the Oourt to give judgment for the proper amount. This was done.
The next objection to the judgment is, that the execution, for the non-return of which the motion was made, when produced, appeared to have been issued on the 5th of April, 1856, whereas, the notice describes it as having fyeen issued on the 5th of June, in that year. This variance is said to be fatal. We -do not think so. As we have seen, the notice fully described the note, and the judgment rendered upon it, and the execution, with great particularity, giving the amounts .and dates, with the names of the parties, with the exception, only, that the .5th of June was, by mistake, or clerical omission, substituted for the 5th of April.
It wTas shown that no other execution issued upon the judgment, and that there was no other judgment between the parties to this judgment, in any way, to correspond with it. It is impossible, therefore, that this •officer could have been misled by this notice, or that lie could, for a moment, have hesitated, as to the execution, for the non-return of which he and his sureties were sought to be held liable. It could have applied to *488 no other, for none other existed. If so, the object of the law is attained, as he could have come prepared to make his defence.
The judgment of the Circuit Court will, therefore,, he affirmed.